IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

MAY 1999 SESSION

FILED

August 9, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. No. 03C01-9808-CR-00290 |
| Appellee, | ) | |
| | ) | Hamblen County |
| v. | ) | |
| | ) | Honorable James E. Beckner, Judge |
| TRAVIS E. SHARPE, | ) | |
| | ) | (Sentencing) |
| Appellant. | ) | |

FOR THE APPELLANT:

JANICE H. SNIDER
535 North Jackson Street
Morristown, TN 37814____

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General & Reporter

CLINTON J. MORGAN
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

C. BERKELEY BELL, JR.
District Attorney General
109 South Main Street, Suite 501
Greeneville, TN 37743

JOHN F. DUGGER, JR.
Assistant District Attorney General
Hamblen County Justice Center
510 Allison Street
Morristown, TN 37814

VICTOR J. VAUGHN
Assistant District Attorney General
Hamblen County Justice Center
510 Allison Street
Morristown, TN 37814

OPINION FILED: _____

AFFIRMED

ALAN E. GLENN, JUDGE

# O P I N I O N

The defendant, Travis E. Sharpe, appeals as of right from the judgment of the Hamblen County Criminal Court. The defendant pleaded guilty to aggravated robbery and was sentenced to eight years as a Range I standard offender, with a release eligibility date of thirty percent. The defendant appeals the trial court's sentencing decision, arguing the trial court erred in not sentencing him as an especially mitigated offender pursuant to Tenn. Code Ann. § 40-35-109 (1997). Based upon our review of this matter, we affirm the sentencing decision of the court below.

On December 2, 1997, the defendant committed aggravated robbery of a Little Caesar's Pizza restaurant in Morristown, Hamblen County, Tennessee. At approximately 10:00 p.m., he entered the restaurant and asked Chastity Ivy, the counter worker, if the restaurant was still taking orders. Ivy called the manager, Robert Lassiter, to the front of the store. Lassiter asked the defendant if he could help. The defendant replied, "Take this order!" At this point, the defendant revealed a knife with a two- to four-inch blade. The defendant followed Lassiter to the restaurant office where Lassiter gave him two metal cash boxes containing a total of $600.

After the robbery, the defendant fled to Massachusetts where he wandered the streets of Boston for a time. Sometime after arriving in Boston, the defendant abandoned his truck, approached a police officer, and announced he had amnesia and needed to go to a hospital.

The defendant was committed to the psychiatric ward of Massachusetts General Hospital, where he remained a patient for approximately three weeks. The defendant continued to feign amnesia, was given a new identity, and released to a halfway house. The afternoon of his first day at the halfway house, the defendant attempted to commit suicide by cutting his wrists and then overdosing on his medication. He was then recommitted to Massachusetts General for approximately four weeks.

During his second stint at Massachusetts General, the defendant confessed to

hospital personnel that he was aware of his real identity and thought he was suspected of armed robbery in Tennessee. The defendant's father reported the defendant's whereabouts to the police. After his release from Massachusetts General, the defendant became disoriented and suicidal and returned to the hospital for a third time. After transfer to a second mental hospital, the defendant was arrested and confessed to the Morristown robbery. Shortly after his confession, the defendant was transferred to a third mental hospital. The defendant waived extradition and returned to Tennessee in March 1998.

The defendant pleaded guilty to aggravated robbery and was sentenced to eight years as a Range I standard offender with a release eligibility date of thirty percent. He now appeals that sentence.

### DISCUSSION OF LAW

(1) Whether the trial court erred in its determination of the enhancement and mitigating factors applicable to this case.

(2) Whether the trial court erred and abused its discretion by failing to sentence the defendant as an especially mitigated offender.

When an accused challenges the length, range or manner of service of a sentence, this Court has a duty to conduct a de novo review of the sentence with the presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In conducting a de novo review of a sentence, the Court must consider: (a) the evidence, if any, received at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement that the defendant made on his own behalf; and (g) the potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, & -210. See State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

Because the defendant pleaded guilty to aggravated robbery and agreed to an

eight-year sentence, the trial court's sentencing decision was limited to whether the defendant should be sentenced as an especially mitigated offender. The sole issue on appeal is whether the trial court abused its discretion in not sentencing the defendant as an especially mitigated offender.

The question of whether the defendant should be sentenced as an especially mitigated offender rests within the sound discretion of the trial court. State v. Braden, 867 S.W.2d 750, 762 (Tenn. 1993). If the trial court finds the existence of an enhancement factor, a defendant will not qualify as an especially mitigated offender. Braden, 867 S.W.2d at 763. Even if the trial court finds no enhancement factors applicable in a particular case, the court may still exercise its discretionary authority and refuse to sentence a defendant as an especially mitigated offender. Id.

The trial court found enhancement factor (3), the offense involved more than one victim, to be applicable. Tenn. Code Ann. § 40-35-114 (1991). The defendant argues this finding was incorrect. We do not agree.

For the purposes of enhancement, the term victim "is limited in scope to a person or entity that is injured, killed, had property stolen, or had property destroyed by the perpetrator of the crime." State v. Raines, 882 S.W.2d 376, 384 (Tenn. Crim. App. 1994). The trial court found Lassiter and Ivy were both victims. The evidence presented at the sentencing hearing, however, reveals Ivy never saw the defendant's knife, nor was she held at knifepoint or robbed of any money. From the evidence available in the record, Ivy's role in the robbery was limited to calling Lassiter to the front of the store. No evidence exists in the record to show Ivy was present when the robbery took place. For this reason, the defendant is correct in asserting Ivy does not qualify as a victim for purposes of Tenn. Code Ann. § 40-35-114(3).

Sufficient evidence does exist to support a finding that both Lassiter and Little Caesar's Pizza, Inc. were victims. The money stolen was the property of Little Caesar's Pizza, Inc. A corporate entity that suffers a monetary loss qualifies as a victim for

enhancement purposes. <u>State v. Richard A. Nimro</u>, No. 03C01-9207-CR-00232, 1993 WL 189944, at *3 (Tenn. Crim. App., Knoxville, June 4, 1993), <u>perm. app. denied</u> (Tenn. 1993). Lassiter was also a victim because he was threatened with the knife and forced to deliver the money to the defendant.

For these reasons, the trial court was correct in finding enhancement factor (3) was applicable. Because the trial court found the existence of an enhancement factor, the defendant could not be sentenced as an especially mitigated offender. <u>See</u> Tenn. Code Ann. § 40-35-109(2) (1997).

In consideration of the foregoing and the record as a whole, we affirm the decision of the court below.

_____
ALAN E. GLENN, JUDGE

CONCUR:


_____
JAMES CURWOOD WITT, JR., JUDGE


_____
JOHN EVERETT WILLIAMS, JUDGE